**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **MOHAMMAD SOLTANMOHAMMADI,** )<br>    a.k.a. WANG, Zhong-Lang, )<br>    9F-3, No. 375, Sec. 4, Xin Yi Rd., )<br>    Taipei, Taiwan )<br> )<br>                           *Plaintiff*, )<br> )<br>    and )<br> )<br> )<br>**SHIH MEI (AMBER) SUN,** )<br>    No. 12, Lane 85 )<br>    Zhengyi Rd. )<br>    Zhongli, Taoyuan )<br>    Taiwan Post Code 325 )<br> )<br>                           *Plaintiffs*. )<br> )<br>    v. )<br> )<br>**BRADLEY T. SMITH, in his official capacity as** )<br>    **Director of the United States** )<br>    **Department of the Treasury** )<br>    **Office of Foreign Assets Control** )<br>    1500 Pennsylvania Ave., NW )<br>    Washington, D.C. 20220 )<br> )<br>                           *Defendant,* )<br> )<br>    and )<br> )<br>**THE UNITED STATES DEPARTMENT** )<br>**OF THE TREASURY,** )<br>    1500 Pennsylvania Ave., NW, )<br>    Washington, D.C. 20220, )<br> )<br>                           *Defendants*. )<br> )  | Civil Action No. 1:26-cv-1924<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**ECF** |

Plaintiffs Mohammad Soltanmohammadi and Shih Mei Sun, a/k/a Amber Sun, ("Plaintiffs") bring this Complaint for Declaratory and Injunctive Relief against Defendants United States Department of the Treasury, the Office of Foreign Assets Control ("OFAC"), and Bradley T. Smith, in his official capacity as Director of OFAC, and allege as follows:

## **NATURE OF THE CASE**

1.      Plaintiffs have spent more than five years living under the extraordinary burdens of designation as Specially Designated Nationals and Blocked Persons ("SDNs"), even though the company at the center of Defendant OFAC's original sanctions theory—Soltech Industry Co., Ltd. ("Soltech")—has now been removed from the SDN List. Plaintiffs do not ask this Court to second-guess national-security policy. They ask only that Defendants follow the basic requirements of reasoned decision-making when it continues to impose one of the government's most severe civil consequences on two individuals whose designations were built on a predicate Defendant OFAC has now withdrawn.

2.      Specifically, Plaintiffs' original designations flowed from Defendant OFAC's November 10, 2020 action against Soltech, which Defendant OFAC alleged had provided, or attempted to provide, financial, material, technological, or other support for, or goods or services in support of, Hoda Trading, an entity also designated under Executive Order ("E.O.") 13382. Plaintiff Soltanmohammadi was designated for acting or purporting to act for or on behalf of Soltech; Plaintiff Sun was designated for allegedly supporting DES International Co., Ltd. ("DES International"), another entity in the same derivative chain. Soltech later resolved the related criminal matter, accepted responsibility, ceased business operations, submitted to Defendant OFAC's reconsideration process, answered extensive questions, and sought delisting based on changed circumstances and remedial measures.

2

3.     On January 30, 2026, Defendant OFAC agreed that Soltech should be delisted. But instead of applying the consequences of that decision to the individuals whose designations depended on Soltech's alleged conduct, Defendant OFAC redesignated Plaintiff Soltanmohammadi on a new theory and left Plaintiff Sun on the SDN List as one of the "other designees." Defendants did so without identifying current sanctionable conduct by either Plaintiff, without making individualized findings, and without explaining why the same changed circumstances that justified Soltech's removal did not justify Plaintiffs' removal as well.

4.     The consequences for Plaintiffs have been devastating and ongoing. Their access to the international financial system has been severely restricted; ordinary banking, insurance, business, and personal transactions have been frozen or denied; Plaintiff Soltanmohammadi has faced called loans, distressed property sales, and serious health consequences; and Plaintiff Sun has depleted retirement security to address obligations arising from Soltech. These continuing harms are not tied to any alleged new misconduct. They are the product of Defendant OFAC's unexplained decision to keep Plaintiffs designated after removing the entity from which the sanctions chain began.

5.     The Administrative Procedure Act ("APA") requires more. When an agency changes course, relies on a new designation theory, or continues severe restrictions after the predicate facts have materially changed, it must provide a rational explanation connecting the facts found to the decision made. Defendants did not do so here. Plaintiffs therefore seek declaratory and injunctive relief setting aside Defendants January 30, 2026 determination insofar as it redesignated Plaintiff Soltanmohammadi and maintained Plaintiff Sun's designation, and requiring Defendants to reconsider their status through a lawful, individualized, and reasoned process.

## JURISDICTION AND VENUE

6.      This action arises under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*; E.O. 13382; regulations administered by Defendant OFAC, including 31 C.F.R. § 501.807; and the APA, 5 U.S.C. § 701 *et seq.*

7.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

8.      Plaintiffs challenge final agency action under the APA. Defendants' January 30, 2026 determination redesignated Plaintiff Soltanmohammadi under E.O. 13382 and maintained Plaintiff Sun on the SDN List as one of the "other designees" whose status Defendants addressed in connection with Soltech's delisting. That action marked the consummation of Defendants' decisionmaking on whether Plaintiffs would remain listed following Soltech's removal and continued to impose immediate and serious legal consequences on Plaintiffs.

9.      This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Federal Rule of Civil Procedure 57.

10.     This Court may grant injunctive and other appropriate relief under 5 U.S.C. § 706 and Federal Rule of Civil Procedure 65.

11.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (e) because Defendants reside in this District and a substantial part of the agency action challenged in this case occurred in this District.

## PARTIES

12.     Plaintiff Mohammad Soltanmohammadi, a/k/a Wang, Zhong-Lang and Wang, Chung Lang, is and was at all relevant times a registered director of Soltech and the owner of

66.66% of Soltech's shares. Plaintiff Soltanmohammadi resides at 9F-3, No. 375, Sec. 4, Xin Yi Rd., Taipei, Taiwan.

13. On November 10, 2020, Defendant OFAC designated Plaintiff Soltanmohammadi under E.O. 13382 § 1(a)(iv) for acting or purporting to act for or on behalf of, directly or indirectly, Soltech.

14. On January 30, 2026, after removing Soltech from the SDN List, Defendants redesignated Plaintiff Soltanmohammadi under E.O. 13382 § 1(a)(iii) for allegedly having provided, or attempted to provide, financial, material, technological, or other support for, or goods or services in support of, Hoda Trading.

15. Plaintiff Shih Mei Sun, a/k/a Amber Sun, is and was at all relevant times a beneficial owner of Soltech, holding 33.33% of Soltech's shares. Plaintiff Sun resides at No. 12, Lane 85 Zhengyi Rd., Zhongli, Taoyuan, Taiwan Post Code 325.

16. On November 10, 2020, Defendant OFAC designated Plaintiff Sun under E.O. 13382 § 1(a)(iii) for having provided, or having attempted to provide, financial, material, technological, or other support for, or goods or services in support of, DES International.

17. On January 30, 2026, Defendant OFAC maintained Plaintiff Sun's SDN designation as one of the "other designees" it determined would remain on the SDN List following Soltech's removal and Plaintiff Soltanmohammadi's redesignation.

18. Defendant United States Department of the Treasury is a department of the United States federal government responsible for administering U.S. economic sanctions through Defendant OFAC. The Treasury Department is located at 1500 Pennsylvania Avenue, NW, Washington, D.C. 20220.

19.     Defendant Office of Foreign Assets Control is an office within the Treasury Department responsible for administering and enforcing economic and trade sanctions, including designations under E.O. 13382 and administrative reconsideration petitions under 31 C.F.R. § 501.807.

20.     Defendant Bradley T. Smith is the Director of OFAC. In that capacity, Director Smith oversees and directs Defendant OFAC's operations, including the adjudication of petitions for administrative reconsideration and the maintenance of the SDN List. Director Smith is sued in his official capacity.

**LEGAL FRAMEWORK**

21.     Pursuant to IEEPA, E.O. 13382 was issued on June 28, 2005 to address the national emergency declared with respect to the proliferation of weapons of mass destruction and their means of delivery.

22.     E.O. 13382 authorizes the imposition of sanctions on persons determined to have provided, or attempted to provide, financial, material, technological, or other support for, or goods or services in support of, any person whose property and interests in property are blocked pursuant to E.O. 13382. E.O. 13382 § 1(a)(iii).

23.     E.O. 13382 also authorizes the imposition of sanctions on persons determined to be owned or controlled by, or to act or purport to act for or on behalf of, directly or indirectly, any person whose property and interests in property are blocked pursuant to E.O. 13382. E.O. 13382 § 1(a)(iv).

24.     A person designated under Defendant OFAC-administered sanctions authorities may seek administrative reconsideration and removal from the SDN List under 31 C.F.R. § 501.807.

25.    Defendant OFAC's reconsideration framework permits a designated person to submit arguments or evidence that the circumstances resulting in the designation no longer apply, that the basis for designation was insufficient, or that remedial steps or other changed circumstances warrant removal.

26.    Defendant OFAC has publicly stated that "the ultimate goal of sanctions is not to punish, but to bring about a positive change in behavior," and that sanctions may be lifted where the legal basis no longer applies or where a designated person has demonstrated a positive change in behavior.

27.    Under the APA, a reviewing court shall hold unlawful and set aside agency action, findings, and conclusions that are arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence where applicable, or otherwise not in accordance with law. 5 U.S.C. § 706(2).

28.    Agency action is arbitrary and capricious where the agency has relied on factors Congress did not intend it to consider, entirely failed to consider an important aspect of the problem, offered an explanation that runs counter to the evidence before the agency, or failed to articulate a rational connection between the facts found and the choice made. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

29.    When an agency changes its position, relies on a new theory, or imposes continuing legal consequences after material circumstances have changed, the APA requires a reasoned explanation for that decision.

## FACTUAL ALLEGATIONS

### A.    Background of the Original Designations

30.    On November 10, 2020, Defendant OFAC designated Soltech under E.O. 13382 for having provided, or having attempted to provide, financial, material, technological, or other

7

support for, or goods or services in support of, Hoda Trading, an entity also designated under E.O. 13382.

31.    On the same date, Defendant OFAC designated several parties under E.O. 13382 whose designations derived from Soltech's designation and alleged conduct with Hoda Trading.

32.    These derivative designations included Plaintiff Soltanmohammadi, who was designated under E.O. 13382 § 1(a)(iv) for acting or purporting to act for or on behalf of Soltech.

33.    Defendant OFAC also designated DES International and Naz Technology Co., Ltd. for being owned or controlled by Plaintiff Soltanmohammadi.

34.    Defendant OFAC designated Plaintiff Sun under E.O. 13382 § 1(a)(iii) for having provided, or having attempted to provide, financial, material, technological, or other support for, or goods or services in support of, DES International.

35.    Thus, Plaintiff Sun's designation was derivative of DES International's designation, which in turn was tied to the same network of designations arising from Soltech's alleged conduct.

36.    Concurrently, on November 10, 2020, the United States Department of Justice filed a criminal complaint against Soltech, DES International, and Chin Hua Huang, also known as Junee Huang, alleging that they knowingly and willfully conspired to cause goods that originated in the United States to be exported and shipped to Iran without a U.S. government license, in violation of 18 U.S.C. § 371, 50 U.S.C. §§ 1701–1706, and 31 C.F.R. Part 560.

37.    There are no allegations that the conduct underlying the network of designations occurred any time within the past six years, nor that either Plaintiff has engaged in any sanctionable conduct since that time.

38.    No allegations have been made that either Plaintiff has engaged in business with Hoda Trading since the time of their original designations.

39.    There are no allegations that Plaintiffs have engaged in post-designation transactions that would independently satisfy the criteria for designation under E.O. 13382.

**B.    Soltech's Criminal Resolution and Administrative Reconsideration Petition**

40.    On March 29, 2023, Soltech signed a plea agreement with the Department of Justice to resolve the criminal case, agreeing to plead guilty to conspiracy to defraud the United States and to violate IEEPA and the Iranian Transactions and Sanctions Regulations, in violation of 18 U.S.C. § 371.

41.    Under that agreement, Soltech agreed to a sentence of five years of probation, a fine of $83,769, and a special assessment of $400.

42.    On April 18, 2023, Soltech entered a guilty plea in accordance with the plea agreement, which the Court accepted.

43.    On April 26, 2023, the United States District Court for the District of Columbia issued a final judgment in Case No. 1:23-cr-107, reflecting Soltech's plea and sentence.

44.    Soltech subsequently paid the monetary penalty and special assessment in full.

45.    On April 7, 2023, Soltech submitted a petition for administrative reconsideration to Defendant OFAC under 31 C.F.R. § 501.807 seeking rescission of its E.O. 13382 designation and removal from the SDN List.

46.    In its petition, Soltech asserted both changed circumstances and proposed remedial measures, including its entry into the plea agreement, resolution of the criminal matter, cessation of business activity, and eventual dissolution of the company.

9

47.     Soltech's petition recognized that several individual and entity designations, including Plaintiffs' designations, derived from Soltech's own designation.

48.     Soltech expressly advised Defendant OFAC that it understood that if Soltech's delisting petition were successfully adjudicated, the designations of the identified derivative designees, including Plaintiffs, would likewise be removed from the SDN List.

49.     Soltech requested that Defendant OFAC inform Soltech as soon as possible if that understanding was incorrect.

50.     On July 5, 2023, Soltech filed a supplement to its delisting petition, informing Defendant OFAC that it had entered a guilty plea, that the Court had imposed a sentence consistent with the plea agreement, and that Soltech had paid the financial penalties imposed by the Court.

51.     Until Soltech's delisting on January 30, 2026, Defendant OFAC issued a series of questionnaires seeking additional information in connection with Soltech's petition, to which Soltech responded.

52.     Defendant OFAC's questionnaires sought information not only about Soltech's own conduct and relationship with Hoda Trading, but also about Soltech's individual owners and directors, including Plaintiffs.

53.     For example, Defendant OFAC asked Soltech to detail Plaintiffs' personal financial accounts, real property, business holdings, sources of revenue, and activities over periods spanning up to 15 years.

54.     Through those questionnaires and responses, Defendant OFAC received Plaintiff-specific information during the reconsideration process and had the opportunity to evaluate whether any current, individualized basis existed to maintain Plaintiffs' designations following Soltech's removal.

10

55.     During the administrative reconsideration process, Soltech also submitted information describing the severe ongoing harms that sanctions had imposed on Soltech and its beneficial owners, including Plaintiffs.

56.     Soltech explained that it had ceased all business activity and had incurred significant debt to keep the company legally in existence solely for purposes of resolving its criminal case and delisting petition.

57.     Plaintiff Soltanmohammadi described the specific financial and personal harm he was enduring as a result of Soltech's designation.

58.     Plaintiff Sun described how she had been forced to retire from the government labor system to access her pension, which she used to make urgent payments on Soltech's behalf.

C.     **Defendants' January 30, 2026 Delisting of Soltech and Redesignation of Plaintiff Soltanmohammadi**

59.     On January 30, 2026, Defendants rescinded Soltech's E.O. 13382 designation and removed Soltech from the SDN List.

60.     Defendants delisting of Soltech reflected that changed circumstances, remedial measures, or other developments justified removal of the entity at the center of Defendant OFAC's original sanctions theory.

61.     In explaining its decision to delist Soltech, Defendants issued a letter stating that "such a removal might otherwise result in the removal of persons designated in connection with the removed entity."

62.     Defendants then stated that "because OFAC remains concerned about Plaintiff Soltanmohammadi's conduct and was unable to fully investigate Plaintiff Soltanmohammadi's case or evaluate any arguments he might have put forth that would go toward justifying his removal from the SDN List, Defendants have redesignated Plaintiff Soltanmohammadi pursuant to E.O.

11

13382 for having provided, or attempted to provide, financial, material, technological or other support for, or goods or services in support of, Hoda Trading."

63. Defendants concluded: "[t]herefore, Mr. Soltanmohammadi and the other designees will remain on the SDN List."

64. Defendants January 30, 2026 determination changed the basis for Plaintiff Soltanmohammadi's designation from a derivative theory under E.O. 13382 § 1(a)(iv)—acting or purporting to act for or on behalf of Soltech—to a direct-support theory under E.O. 13382 § 1(a)(iii)—providing, or attempting to provide, support for, or goods or services in support of, Hoda Trading.

65. Defendants did not identify any new evidence, current conduct, individualized findings, or reasoned analysis supporting that changed designation basis.

66. Defendants did not explain why the circumstances that warranted Soltech's removal from the SDN List did not also warrant Plaintiff Soltanmohammadi's removal, particularly where Plaintiff Soltanmohammadi's original designation derived from his relationship with Soltech.

67. Defendants did not identify any post-designation sanctionable conduct by Plaintiff Soltanmohammadi.

68. Defendants did not explain how it could be both unable to fully investigate Plaintiff Soltanmohammadi's case or evaluate arguments he might have made, yet nevertheless reach a final redesignation determination under a new designation theory.

69. Defendants did not provide Plaintiff Soltanmohammadi with a meaningful individualized explanation for why he remained sanctionable after Soltech was delisted.

12

**D.     Defendants' Maintenance of Plaintiff Sun's Designation**

70.     Defendants' January 30, 2026 letter expressly identified Plaintiff Sun as one of the "other designees" whose designation ultimately derived from Soltech's designation.

71.     Defendants concluded that the "other designees" would remain on the SDN List because of Plaintiff Soltanmohammadi's redesignation.

72.     Defendants did not articulate any independent ongoing concerns regarding Plaintiff Sun's conduct.

73.     Defendants did not identify any current sanctionable conduct by Plaintiff Sun.

74.     Defendants did not identify any post-designation support by Plaintiff Sun for DES International, Hoda Trading, Soltech, Plaintiff Soltanmohammadi, or any other blocked person.

75.     Defendants did not explain why Plaintiff Sun independently continued to satisfy the criteria for designation under E.O. 13382 after Soltech's removal from the SDN List and Plaintiff Soltanmohammadi's redesignation under a different theory.

76.     Defendants were in possession of information that DES International is non-operational and has not engaged in any business dealings since November 10, 2020.

77.     Defendants were informed that DES International will not be engaged in any future commercial dealings.

78.     Defendants were also in possession of information that Plaintiffs had not yet dissolved Soltech and DES International to ensure that the related criminal matter and sanctions reconsideration proceedings would not be impaired.

79.     Despite that information, Defendants did not explain how Plaintiff Sun's continued designation served E.O. 13382's purposes or Defendants' stated policy that sanctions are designed to bring about a positive change in behavior rather than to punish.

80.    Defendants' January 30, 2026 decision was final agency action as to Plaintiff because Defendants addressed her status as one of the "other designees," determined that she would remain on the SDN List, and thereby continued the legal consequences of her designation.

### E.    Harm to Plaintiffs

81.    As a result of Defendants' January 30, 2026 action, Plaintiffs' property and interests in property in the United States, that come within the United States, or that come within the possession or control of any United States person, continue to be blocked.

82.    Plaintiffs' blocked property cannot be transferred, paid, exported, withdrawn, or otherwise dealt in, and U.S. persons continue to be generally prohibited from virtually all dealings with Plaintiffs.

83.    Since his initial designation on November 10, 2020, Plaintiff Soltanmohammadi has suffered severe financial harm.

84.    Plaintiff Soltanmohammadi's personal loans and mortgages were called by banks, forcing him to dispose of properties at below-market value because buyers exploit the lack of willing purchasers for property owned by sanctioned persons.

85.    Plaintiff Soltanmohammadi currently bears monthly expenses of approximately $25,000 for mortgages and family expenses, including his daughter's university tuition and accommodations, which he has been forced to cover by borrowing from friends and family and selling properties at distressed prices.

86.    Plaintiff Soltanmohammadi has been unable to access the international financial system.

87.    Plaintiff Soltanmohammadi's bank accounts, credit card accounts, and insurance policies have been frozen.

14

88.     Plaintiff Soltanmohammadi has been unable to conduct any business, earn income, or engage in typical financial transactions for over five years.

89.     Plaintiff Soltanmohammadi's health has deteriorated significantly since he was sanctioned, including through multiple heart attacks, which he attributes to the extreme stress of sanctions, and has been forced to postpone necessary surgeries due to financial restrictions caused by the designation.

90.     Plaintiff Sun has also suffered severe financial and personal harm due to her designation.

91.     As explained to Defendants, Plaintiff Sun was forced to retire from the government labor system to access her pension, which she used to make urgent payments on Soltech's behalf, depleting her retirement security and leaving her with diminished means to support herself.

92.     Plaintiff Sun has also been unable to access the international financial system in any meaningful way since her designation.

93.     Plaintiff Sun's ability to maintain bank accounts, use credit cards, obtain insurance, and engage in ordinary business or investment activities has been severely constrained or eliminated.

94.     Plaintiff Sun has been unable to conduct normal business operations or earn income through ordinary channels for several years because counterparties and financial institutions are unwilling or unable to deal with an SDN.

95.     The conduct underlying the network of designations occurred years ago, Soltech has been removed from the SDN List, DES International is non-operational, and neither Plaintiff has engaged in any new sanctionable conduct.

**LEGAL CLAIMS**

**COUNT I**

DEFENDANTS' JANUARY 30, 2026 REDESIGNATION OF PLAINTIFF SOLTANMOHAMMADI IS ARBITRARY, CAPRICIOUS, AN ABUSE OF DISCRETION, UNSUPPORTED BY THE RECORD, AND OTHERWISE NOT IN ACCORDANCE WITH LAW

96.     Plaintiff Soltanmohammadi re-alleges and incorporates by reference the allegations in all preceding paragraphs.

97.     Under the APA, a reviewing court shall hold unlawful and set aside agency action, findings, and conclusions that are arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence where applicable, or otherwise not in accordance with law. 5 U.S.C. § 706(2).

98.     Defendants' January 30, 2026 redesignation of Plaintiff Soltanmohammadi was arbitrary and capricious because Defendants removed Soltech from the SDN List but failed to provide a reasoned, individualized explanation for maintaining sanctions against Plaintiff Soltanmohammadi, whose original designation derived from his relationship with Soltech.

99.     Defendants' redesignation was arbitrary and capricious because OFAC changed the basis for Plaintiff Soltanmohammadi's designation from a derivative basis under E.O. 13382 § 1(a)(iv) to a direct-support basis under E.O. 13382 § 1(a)(iii), without articulating new evidence, findings, or analysis sufficient to support that changed basis.

100.    Defendants' redesignation action was arbitrary and capricious because OFAC acknowledged that Soltech's removal "might otherwise result in the removal of persons designated in connection with the removed entity," yet failed to explain why that consequence did not follow for Plaintiff Soltanmohammadi.

101.    Defendants' redesignation action was arbitrary and capricious because they stated that they were unable to fully investigate Plaintiff Soltanmohammadi's case or evaluate arguments

he might have made, while simultaneously reaching a final redesignation decision under a new theory.

102.   Defendants' redesignation action was arbitrary and capricious because they failed to consider important aspects of the problem, including Soltech's criminal resolution, Soltech's delisting, Soltech's cessation of business activity, the absence of current sanctionable conduct by Plaintiff Soltanmohammadi, and the severe ongoing harms imposed by continued designation.

103.   Defendants' redesignation action was arbitrary and capricious because it is inconsistent with Defendant OFAC's stated policy that the goal of sanctions is not to punish but to bring about positive change in behavior, and that sanctions may be lifted when the legal basis no longer applies or where there has been a positive change in behavior.

104.   Defendants' redesignation was unsupported by the record and otherwise not in accordance with law because Defendants did not identify a rational connection between the facts found and their decision to redesignate Plaintiff Soltanmohammadi.

105.   For these reasons, Defendants' January 30, 2026 redesignation of Plaintiff Soltanmohammadi must be held unlawful and set aside under 5 U.S.C. § 706.

## COUNT II

**DEFENDANTS' JANUARY 30, 2026 DECISION TO MAINTAIN PLAINTIFF SUN'S DESIGNATION IS ARBITRARY, CAPRICIOUS, AN ABUSE OF DISCRETION, UNSUPPORTED BY THE RECORD, AND OTHERWISE NOT IN ACCORDANCE WITH LAW**

106.   Plaintiff Sun re-alleges and incorporates by reference the allegations in all preceding paragraphs.

107.   Under the APA, a reviewing court shall hold unlawful and set aside agency action, findings, and conclusions that are arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence where applicable, or otherwise not in accordance with law. 5 U.S.C. § 706(2).

17

108.    Defendants' January 30, 2026 decision was a final agency action as to Plaintiff Sun because Defendants determined that the "other designees," including Plaintiff Sun, would remain on the SDN List following Soltech's removal and Plaintiff Soltanmohammadi's redesignation.

109.    Defendants' decision continued serious legal consequences for Plaintiff Sun, including blocked property and interests in property, exclusion from ordinary financial channels, and prohibitions on dealings by U.S. persons.

110.    Defendants' decision to maintain Plaintiff Sun's designation was arbitrary and capricious because Defendants failed to provide any individualized analysis, findings, or reasoning specific to Plaintiff Sun.

111.    Defendants' decision was arbitrary and capricious because Plaintiff Sun's designation was derivative of DES International's designation, which in turn was tied to the same network of designations arising from Soltech's alleged conduct, yet Defendants failed to explain why Plaintiff Sun remained sanctionable after Soltech was removed from the SDN List.

112.    Defendants' decision was arbitrary and capricious because they failed to identify any current sanctionable conduct by Plaintiff Sun or any ongoing support by Plaintiff Sun for DES International, Hoda Trading, Soltech, Plaintiff Soltanmohammadi, or any other blocked person.

113.    Defendants' decision was arbitrary and capricious because they failed to consider information in their possession that DES International is non-operational, has not engaged in any business dealings since November 10, 2020, and will not engage in future commercial dealings.

114.    Defendants' decision was arbitrary and capricious because they failed to consider that Plaintiffs had not dissolved Soltech and DES International in order to avoid impairing the related criminal matter and sanctions reconsideration proceedings.

18

115.    Defendants' decision was arbitrary and capricious because they relied on a conclusory statement that the "other designees" would remain on the SDN List without articulating a rational connection between the facts found and the decision made.

116.    Defendants' decision was arbitrary and capricious because it is inconsistent with their stated policy that the goal of sanctions is not to punish but to bring about positive change in behavior, and that sanctions may be lifted when the legal basis no longer applies or where there has been a positive change in behavior.

117.    Defendants' decision was not in accordance with law because they did not identify a rational connection between the facts found and their decision to maintain Plaintiff Sun's designation.

118.    For these reasons, Defendants' January 30, 2026 decision to maintain Plaintiff Sun's designation must be held unlawful and set aside under 5 U.S.C. § 706.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.    Declare unlawful and set aside Defendants' January 30, 2026 determination insofar as it redesignated Plaintiff Soltanmohammadi under E.O. 13382;

B.    Declare unlawful and set aside Defendants' January 30, 2026 determination insofar as it maintained Plaintiff Sun's designation under E.O. 13382;

C.    Declare that Defendants acted arbitrarily, capriciously, in abuse of discretion, without adequate record support, and otherwise not in accordance with law by redesignating Plaintiff Soltanmohammadi and maintaining Plaintiff Sun's designation without a reasoned, individualized explanation;

19

D.      Declare, in the alternative, that Defendants failed to provide Plaintiffs with a meaningful explanation and opportunity to respond consistent with due process;

E.      Remand this matter to Defendants for further proceedings consistent with the Court's opinion, if necessary;

F.      Order Defendants to remove Plaintiffs from the SDN List or, in the alternative, to reconsider Plaintiffs' designations through a lawful, individualized, and reasoned process;

G.      Award Plaintiffs their costs and reasonable attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable provision of law; and

H.      Grant such other and further relief as the Court deems just and proper.


Dated: June 2, 2026

Respectfully submitted,

*/s/ Erich C. Ferrari*
Erich C. Ferrari, Esq.
Ferrari & Associates
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*Attorney for Plaintiffs*